# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS A. ROBUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:10-cv-00763 |
| v. | ) Judge Nora Barry Fischer |
| | ) |
| MINE SAFETY APPLIANCES COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.      Introduction**

Presently before the Court is a Motion to Dismiss Counts IV and V filed by Defendant Mine Safety Appliances Co.[1] (hereinafter "Defendant"). (Docket No. [19]). Defendant seeks dismissal of Plaintiff Dennis Robuck's (hereinafter "Plaintiff") retaliation claim under Title VII of the Civil Rights Act of 1964 ("Title VII") on the basis of sex and his retaliation claim under the Americans with Disabilities Act ("ADA").[2] *Id*. at 2. Defendant asserts that Plaintiff has not pled sufficient facts to render his claims of retaliation plausible as required by the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, -

---

[1] With its headquarters located in Pittsburgh, Pennsylvania, and approximately 5,000 employees around the world, Defendant provides a comprehensive line of products used by workers in the fire service, law enforcement, construction, oil and gas, chemical and other industries, as well as the military. *See* http://msanorthamerica.com/overview.html (last visited Nov. 1, 2010). Defendant's products include: air-purifying respirators; supplied-air respirators; portable and permanent gas detection instruments; thermal imaging cameras; fire helmets; body armor; head, eye, face and hearing protection; fall protection; and mining and specialty products. *Id*.

[2] Defendant is an "employer" within the meaning of the ADA and Title VII as Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees for each working day during twenty or more calendar weeks. (Docket No. 17 ¶ 3).

1

-- U.S. ---, 129 S.Ct. 1937, 1949 (2009). *Id*. For the reasons discussed herein, Defendant's Motion (Docket No [19]) is GRANTED.

## II.     Relevant Factual Background

Because this matter comes to this court on a Rule 12(b)(6) Motion to Dismiss, the factual allegations set forth in Plaintiff's Amended Complaint are accepted as true. *Hemi Group, LLC. v. City of N.Y.*, --- U.S. ---, 130 S. Ct. 983, 986-87 (2010)(citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993)). The pertinent facts are as follows.

Plaintiff states that he began working for Defendant in January 1997 as a temporary employee, and started working as a full-time employee on September 25, 2000. As such, he built, configured, calibrated, and shipped permanent gas detection instruments. (Docket No. 17 ¶¶ 5, 6). Plaintiff claims to suffer from hypertension, which requires him to avoid stress and to take long walks on a regular basis. *Id*. ¶ 1.

Plaintiff alleges that he has had problems with a female co-worker, Ruth Protzman. *Id*. ¶ 8. Ms. Protzman apparently takes walks on a regular basis as well. *Id*. ¶ 13. It appears that both Plaintiff and Ms. Protzman take walks during their lunch breaks. *Id*. Plaintiff claims to have made every attempt to avoid Ms. Protzman and admits that until February of 2007, Defendant made every attempt to keep the two separated. *Id*. ¶¶ 8, 9. Defendant apparently accomplished the separation by assigning Plaintiff and Ms. Protzman different walking routes. *Id*. According to Plaintiff, the original separation was successful because Plaintiff's lunch time was scheduled for noon, while Ms. Protzman's lunch time was scheduled for 11:30 a.m. *Id*. ¶ 9. Plaintiff insists that the present problem arose when Defendant decided to change Plaintiff's lunch hour to 11:30 a.m. in February of 2007. *Id*. Plaintiff maintains that Defendant refused to accommodate

him by changing his lunch time back to noon, despite his continuing complaints. *Id*. Plaintiff contends that he made numerous complaints to his supervisor, Dan Bogler, stating that Defendant gave priority to Ms. Protzman over Plaintiff when attempting to separate the two of them. *Id*. ¶ 10.

The parties do not contest that Plaintiff's last day of work was October 29, 2007, that he was suspended as of that date, and that he was officially discharged as of November 6, 2007. (Docket No. 18 ¶ 11). Plaintiff claims that he received a letter from Defendant, signed by Margie Wood, dated November 6, 2007, which states that Plaintiff was being terminated for willfully disregarding workplace rules. (Docket No. 17 ¶ 12). Plaintiff contends that this reason for his termination was pretextual. *Id*. Instead, Plaintiff asserts that he was fired for walking on a road on which Defendant believed Ms. Protzman might also have been walking contemporaneously. *Id*. ¶ 13. Plaintiff insists, however, that Ms. Protzman was not walking on the road at that time and that she was not even at work on the date of Plaintiff's alleged offense. *Id*.

### III. Relevant Procedural History

On or about January 22, 2008, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (Docket No. 17 ¶ 17). On May 1, 2008, Plaintiff received a form "Dismissal and Notice of Rights" from the EEOC. *Id*. ¶ 18. A day shy of two years later, Plaintiff filed a Complaint in the Court of Common Pleas of Lawrence County, Pennsylvania. (Docket No. 1-2 at 11). As Plaintiff's claims are founded on federal statutes, including Title VII and the ADA, Defendant filed a Notice of Removal with the United States District Court for the Western District of Pennsylvania on June 4, 2010. (Docket No. 1). Defendant then moved to dismiss the instant case on June 11, 2010, on the basis that Plaintiff had improperly asserted legal

conclusions rather than factual statements as required by *Twombly* and *Iqbal*. (Docket No. 6). Plaintiff responded by requesting Leave to File an Amended Complaint. (Docket No. 10). Following the Court's grant of leave to amend, Plaintiff filed his Amended Complaint on July 28, 2010. (Docket No. 17). Defendant filed its instant Motion to Dismiss Counts IV and V and its supporting brief on August 16, 2010. (Docket Nos. 19, 20). In turn, Plaintiff filed his response on September 13, 2010.[3] (Docket No. 30). Defendant filed its reply brief on September 27, 2010. (Docket No. 31). As briefing has concluded, the motion is ripe for disposition.

**IV.    Legal Standard**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 544); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); and FED. R. CIV. P. 8(a)(2) (providing that a valid complaint requires only "a short and plain statement of the claim" showing entitlement to relief). The Supreme Court in *Iqbal* clarified that the decision in *Twombly* "expounded the pleading standard for 'all civil actions.'" *Iqbal*, 129 S.Ct. at 1953; *Fowler*, 578 F.3d at 210-11. The Court further explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted. *Iqbal*, 129 S.Ct. at 1949, 1953. "Threadbare

---

[3] As discussed at the August 30, 2010 Case Management Conference, this Court gave Plaintiff until September 10, 2010 at 5:00 p.m. to either withdraw the two challenged Counts or to submit a response to Defendant's pending Motion to Dismiss. (Docket No. 21). Despite same, Plaintiff did not submit his response until September 13, 2010 at 3:53 p.m. (Docket No. 30). Nor did Plaintiff seek to further enlarge the time to respond. Defendant notes Plaintiff's untimely response, but has not moved to strike the late filing. (Docket No. 31 at 1). The Court will consider Plaintiff's response in this instance, but the Court notes that failure to comply with Court Orders can be cause for dismissal. *See Paulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 870 (3d Cir. 1984).

4

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555); *see also Fowler*, 578 F.3d at 210; and *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). The determination of whether a complainant has sufficiently pled a claim "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950 (citing *Twombly*, 550 U.S. at 556); *see also Fowler*, 578 F.3d at 210-11 (holding that in light of *Iqbal*, a district court should first separate the factual and legal elements of a claim and then, accepting the "well-pleaded facts as true," "determine whether the facts" pled are sufficient to show a "plausible claim for relief."). Ultimately, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

**V.     Discussion**

   *A.     Plaintiff's Retaliation Claim Under Title VII*

To establish a *prima facie* case of discriminatory retaliation under Title VII, a plaintiff must show: (1) that he engaged in protected activity; (2) that the employer took adverse action against him; and (3) that a causal link exists between the protected activity and the employer's adverse action. *See Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006)(citing *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)); *see also Kachmar v. SunGard Data Systems, Inc.*, 109 F.3d 173, 177 (3d Cir. 1997) (citing *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 201 (3d Cir. 1994), *cert. denied*, 513 U.S. 1022 (1994)). "With respect to a 'protected activity,' the anti-retaliation provision of Title VII protects those who participate in certain Title VII proceedings and those who oppose discrimination made unlawful by Title VII." *Moore*, 261 F.3d at 341 (citing *Slagle v. County of Clarion*, 435 F.3d 262, 266 (3d Cir. 2006)). To satisfy the

second element, plaintiffs must show that a reasonable employee would have found the alleged retaliatory actions "materially adverse," meaning that they "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). Finally, a causal connection "may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *Waiters v. Hudson County Correctional Center*, Civ. A. No. 07-421, 2010 WL 1838468, at *3 (D.N.J., May 5, 2010)(citing *Burrus v. United Tele. Co.*, 683 F.2d 339, 343 (10th Cir. 1982), *cert. denied*, 459 U.S. 1071 (1982)).

As to Count IV, Plaintiff incorporates by reference[4] factual his allegations at paragraphs 1-3,[5] 4-20,[6] 21-23,[7] and 24-25[8] and alleges, in the alternative, that "he has been retaliated against

---

[4] Pursuant to Federal Rule of Civil Procedure 10(c), "a statement in a pleading may be adopted by reference elsewhere in the same pleading." FED. R. CIV. P. 10(c); *Cooper v. Nationwide Mut. Ins. Co.*, Civ. A. No. 02-2138, 2002 WL 31478874, at *5 (E.D. Pa. Nov. 7, 2002) ("The later pleading must adopt specific portions or all of the earlier pleading with a degree of clarity which enables the responding party to ascertain the nature and extent of the incorporation.")(quoting *Heintz & Co. v. Provident Tradesmens Bank & Trust Co.*, 29 F.R.D. 144, 145 (E.D. Pa. 1961)).

[5] Plaintiff states that he is over 50 years old and lives in Ellwood City, Pennsylvania. (Docket No. 17 ¶ 1). Plaintiff alleges that he suffers from hypertension, which requires him to take long walks on a regular basis, as well as to avoid stress. *Id*. Plaintiff admits that Defendant accommodated him at first by permitting him to take long walks on a regular basis during his lunch hour. *Id*. Plaintiff was employed at Defendant's place of business located in Cranberry, Pennsylvania. *Id*. ¶ 2. Plaintiff avers that at all times material to his claim, Defendant was an "employer" within the meaning of the ADA, Title VII, and the Pa. Human Relations Act. *Id*. ¶ 3. In addition, Plaintiff submits that Defendant and had fifteen (15) or more employees for each working day during each of twenty (2) or more calendar weeks in the years 1997-2007. *Id*.

[6] Plaintiff provides that he began working as a production technician for Defendant as a temporary employee in January of 1997, and as a full time employee on September 25, 2000. (Docket No. 17 ¶ 5-6). Plaintiff states that he was promoted in the fall of 2005. *Id*. ¶ 7. Plaintiff asserts that for several years he has been having problems with a female co-employee, Ruth Protzman and that Defendant made every attempt to keep the two of them separate. *Id*. ¶ 8. Plaintiff submits that his original lunch time was scheduled for noon and Ms. Protzman's lunch time was scheduled for 11:30 a.m. *Id*. ¶ 9. Plaintiff alleges that in approximately February of 2007, Defendant unilaterally and arbitrarily decided to change Plaintiff's lunch hour to 11:30 a.m. *Id*. Plaintiff avers that Defendant has refused to accommodate Plaintiff by changing his lunch time back to noon. *Id*. Plaintiff complained to his supervisor, Dan Bogler, that Defendant always gave priority to Ms. Protzman in attempting to separate the two of

6

on the basis of his previous complaints of sex discrimination" in violation of Title VII. (Docket No. 17 ¶ 28). Relevant to this claim, he asserts the following in pertinent part:

> 8. For several years, Plaintiff had been having problems with a female co-employee, specifically, Ruth Protzman. As a result, Plaintiff made every attempt to avoid Ms. Protzman and Defendant made every attempt to keep the two of them separate.
>
> 9. The system of keeping Plaintiff separated from Ms. Protzman worked tolerably well, in particular, because Plaintiff's lunch time was at noon, and Ms. Protzman's was at 11:30 a.m. However, in approximately February of 2007, Defendant unilaterally and arbitrarily decided to change Plaintiff's lunch hour to 11:30 a.m., the same as Ms. Protzman's. These actions were believed to have been taken by Mike Tharcher and Kimberly Moore. Nothwithstanding Plaintiff's continuing complaints that the change in his lunch time would inevitably necessitate contact between him and Ms. Protzman, thereby leading to inevitable conflict, Defendant refused to accommodate Plaintiff by changing his lunch time back to noon.
>
> 10. Plaintiff had previously complained to his supervisor, Dan Bogler, that Defendant, in its attempts to separate the two of them, always gave priority to Ms. Protzman over Plaintiff.

---

them. *Id.* ¶ 10. Plaintiff was fired on November 6, 2007, for supposedly willfully disregarding workplace rules. *Id.* ¶¶ 11, 12. Plaintiff believes Defendant's reason for terminating him is pretextual. *Id* ¶ 12. Plaintiff alleges that he was fired for walking on a road on which Defendant believed Ms. Protzman might have also been walking *Id.* ¶ 13. Plaintiff contends that Ms. Protzman was not even at work on the date of the supposed offense. *Id.* ¶ 13. As a result of Defendant's alleged acts of sex discrimination, Plaintiff claims to have suffered lost wages and benefits, embarrassment, humiliation, and related damages. *Id.* ¶¶ 14, 15, 16. Plaintiff filed a claim with the EEOC, docketed at charge no. 533-2008-00393. *Id.* ¶ 17. In return, Plaintiff received a form "dismissal and Notice of Rights" from the EEOC dated April 30, 2008. *Id.* ¶ 18. Therefore, all administrative and procedural prerequisites to filing this action have been satisfied. *Id.* ¶ 19.

7

In the alternative to Plaintiff's sex discrimination claim at Count 1, based on the facts Plaintiff provides in paragraphs 1-3 and 4-20, Plaintiff alleges that Defendant has discriminated against him on the basis of a perceived handicap, in violation of the Americans with Disabilities Act. (Docket No. 17 ¶ 22). In particular, he avers that such discrimination is based upon Defendant requiring him to take his long walks at the same time as Ms. Protzman and refusing to change his lunch hour to the time it has previously been. *Id.* ¶¶ 22, 23.

8

Based on the facts Plaintiff provides in paragraphs 1-3, 4-20, and 21-23, Plaintiff alleges that Defendant has discriminated against him on the basis of sex in violation of the Pa. Human Relations Act. (Docket No. 17 ¶¶ 24-25).

* * * * *

12. According to a letter from Defendant, signed by Margie Wood dated November 6, 2007, Plaintiff was fired for supposedly willfully disregarding workplace rules. However, Plaintiff believes and therefore alleges that this supposed reason for his termination was at all times pretextual.

13. To the contrary, Plaintiff believes and therefore alleges that he was in fact fired on the basis of his violation of a nonexistent rule, which was made up ex post facto in order to justify his supposed offense. In reality, Plaintiff believes and therefore alleged that he was fired for walking on a road on which Defendant has arbitrarily believes Ms. Protzman might be walking, even though in fact Ms. Protzman was not even at work on the date of Plaintiff's supposed offense.

14. Plaintiff believes and therefore alleges that he has been subjected to discrimination on account of sex.

* * * * *

20. As a result of Defendant [Mine Safety Appliances Company's] actions, as stated previously, Plaintiff Dennis A. Robuck has been discriminated against in employment on the basis of sex, in violation of Title VII of the 1964 Civil Rights Act.

* * * * *

25. As a result of Defendant [Mine Safety Appliances Company's] actions, as stated previously, Plaintiff Dennis A. Robuck has been discriminated against in employment on the basis of sex in violation of the Pa. Human Relations Act.

* * * * *

27. Plaintiff believes and therefore alleges that he has been retaliated against for his previous complaints of favoritism to Ms. Protzman. In particular, these complaints he had made to Dan Bogler.

*Id.* at ¶¶ 8, 10, 14, 27. Defendant argues that such assertions are vague and conclusory and do not show any plausible claim for relief. (Docket No. 20 at 5). Moreover, Defendant contends that Plaintiff does not allege that any favoritism was due to his gender. *Id.* at 6.

In support of this position, Defendant cites *Pekar v. U.S. Steel/Edgar Thomson Works*, Civ. A. No. 09-844, 2010 WL 419421, at *7 (W.D. Pa., Jan. 29, 2010), wherein this Court granted the defendant's motion to dismiss, noting that: "[a] mere allegation that an adverse employment action was motivated by age, without more, is the type of broad conclusory allegation which the Supreme Court has found insufficient." *Id.* (citing *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950). In *Pekar*, this Court held that in order for the plaintiff to state a valid claim he must allege some facts showing that his age was a determining factor in the defendant's decision to terminate him. *Id.* (citing *Broaddus v. Fla. Power Corp.*, 145 F.3d 1283, 1287 (11th Cir. 1998)).

Akin to the plaintiff in *Pekar*, Plaintiff has not pled sufficient facts that, accepted as true, state a claim for retaliation under Title VII. *See Iqbal*, 129 S.Ct. at 1951. All Plaintiff asserts is that he was treated less favorably than Ms. Protzman by his supervisor, Mr. Bogler. (Docket No. 17 ¶¶ 9, 10). In order for Plaintiff to state a valid retaliation claim under Title VII, he must allege some facts showing that he was a victim of sex discrimination, that he made complaints about same and that said complaints were a determining factor in Defendant's decision to terminate him. *Pekar*, at *7. Plaintiff, however, has failed to allege facts that support his claim. (Docket No. 17). All he sets forth are facts related to an ongoing dispute by Ms. Protzman and Defendant's attempts to keep them apart which was thwarted by a change in lunch schedule. *Id.* ¶¶ 8-9.

Defendant contends and the Court agrees that Plaintiff's allegations are little more than generalized complaints of unfairness which do not and cannot constitute protected activity. (Docket No. 20 at 6). *Barber v. CSX Distribution Servs.*, 68 F.3d 694 (3d Cir. 1995) is instructive. There, the plaintiff was one of four candidates for a position, but he was not offered a job. *Id*. at 697. He wrote a letter to the defendant questioning the decision to award the position to someone whom he felt was less qualified. *Id*. The plaintiff's letter alleged unfair treatment and dissatisfaction with the fact that someone else was awarded a position, but it did not specifically complain of age discrimination. *Id*. He later received notice that his position was eliminated as a result of a company-wide reduction in force. *Id*. Barber sued for retaliation under the Age Discrimination in Employment Act ("ADEA"). *Id*. The Court of Appeals for the Third Circuit held that Barber's letter was too vague to support his retaliation claim under the ADEA. *Id*. at 702. The Court explained that the language in Barber's letter did not explicitly or implicitly provide that age was the reason for the alleged unfairness. *Id*. Accordingly, the Court found that the letter did not constitute the requisite "protected activity" to satisfy a *prima facie* case of retaliation. *Id*. at 701-02. In doing so, the Court emphasized that a general complaint of unfair treatment does not translate into a charge of illegal age discrimination. *Id*. at 702.

In the instant case, Plaintiff's attempted retaliation claim relies on alleged "protected activity" of complaining to his supervisor. (Docket No. 17 ¶ 27). However, Plaintiff merely avers that Defendant "always gave priority" to Ms. Protzman over him. *Id*. ¶ 10. At no point in his Amended Complaint does Plaintiff set forth facts that support his conclusory allegation that he complained of sex discrimination to his supervisor or anyone else. In *Chaussinand v. Guttman Oil Co.*, Civ. A. No. 08-1714, 2009 WL 2151384, at *2 (W.D. Pa., Jul. 16, 2009), the Court noted that the plaintiff never alleged in her amended complaint that the adverse

employment action was based on her gender. *Id*. In finding that the plaintiff had failed to state a claim under Title VII, the Court held that: "these unidentified problems could have been related to personality conflicts, differences in socioeconomic backgrounds, or even rival sports affiliations." *Id*. Plaintiff's Amended Complaint is similarly vague in that Bogler's alleged favoritism towards Ms. Protzman could have been motivated by any number of factors which are not protected under Title VII.

Plaintiff submits that Defendant's argument conveniently overlooks the fact that his retaliation claims incorporate by reference[9] his previous factual allegations, in particular paragraphs 1-3[10] and 5-20[11] of the Amended Complaint. (Docket No. 30 at 2). In terms of his Title VII claim of retaliation, Plaintiff asserts that paragraphs 9 and 10[12] allege continuing complaints about Ms. Protzman and Defendant's favoritism towards Ms. Protzman over Plaintiff, and that such complaints are certainly "conduct protected by Title VII." *Id*. at 3.

Nowhere in Plaintiff's Amended Complaint does he aver that alleged favoritism towards Ms. Protzman was due to her gender. (Docket No. 17). Rather, Plaintiff repeatedly asserts that favoritism was shown to Ms. Protzman without more. *Id*. ¶¶ 10, 27. Despite the clear mandate of Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading that states a claim for

---

[9] *See* n. 4, *supra*.

[10] *See* n. 5, *supra*.

[11] *See* n. 6, *supra*.

[12] Plaintiff submits that his lunch time was originally scheduled for noon and Ms. Protzman's lunch time was scheduled for 11:30 a.m. *Id*. ¶ 9. Plaintiff alleges that in approximately February of 2007, Defendant unilaterally and arbitrarily decided to chance Plaintiff's lunch hour to 11:30 a.m. *Id*. Plaintiff avers that Defendant has refused to accommodate Plaintiff by changing his lunch time back to noon. *Id*. Plaintiff complained to his supervisor, Dan Bogler, that Defendant always gave priority to Ms. Protzman in attempting to separate the two of them. *Id*. ¶ 10.

relief must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), nowhere in the Amended Complaint does Plaintiff provide how or when he complained of discrimination to his supervisor or what he said in such complaints, if they were made. As complaints based on favoritism alone do not qualify as a "protected activity," *Barber*, 68 F.3d at 702, Plaintiff has failed to satisfy a *prima facie* case of retaliation and the Court dismisses Plaintiff's claim of retaliation under Title VII at Count IV of the Amended Complaint. *Id*.

### B. Plaintiff's Retaliation Claim Under the ADA

To establish a *prima facie* case of discriminatory retaliation under the ADA, a plaintiff must show: "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Stouch v. Township of Irvington*, 354 Fed.Appx. 660, 667 (3d Cir. 2009) (citing *Williams v. Phila. Hous. Auth. Police Dept.*, 380 F.3d 751, 759 (3d Cir. 2004)). "A plaintiff need not be 'disabled' under the ADA to prevail on a retaliation claim." *Id*. Section 12102(2)(C) of the ADA states that an individual is considered disabled if he or she is regarded, or perceived, as having a physical or mental impairment that substantially limits one or more of his or her major life activities. 42 U.S.C. § 12102(2)(C). An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an adverse employment action because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. 42 U.S.C. § 12102(3)(A); *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 187-88 (3d Cir. 2010) ("To prevail on a claim that an employer 'regarded' an employee as having a 'disability,' the employee must show that

the employer either mistakenly believed that the employee has a physical impairment that substantially limits one or more major life activities or mistakenly believed that an actual non-limiting impairment substantially limits one or more major life activities."). While Plaintiff is not required to plead detailed facts or provide evidence to support an ADA claim, to survive a motion to dismiss he must allege that Defendant discriminated against him because of that disability with enough facts to raise his claim beyond the speculative level as described in *Twombly* and *Iqbal*. *Turner v. Commonwealth of Pennsylvania*, Civ. A. No. 07-273, 2009 WL 1858253, at *2 (W.D. Pa., June 29, 2009).

As to Count V, Plaintiff incorporates by reference[13] his factual allegations at paragraphs 1-3,[14] 4-20-,[15] 21-23,[16] 24-25[17] and 26-28,[18] and alleges, in the alternative, that he "has been discriminated against on the basis of his previous complaints of discrimination on the basis of a perceived handicap" in violation of the ADA. (Docket No. 17 ¶ 30). Specifically, he asserts the following in pertinent part:

1. ...[H]e suffers from hypertension, which requires him to take long walks on a regular basis, as well as to avoid stress.

---

[13] *See* n. 4, *supra*.

[14] *See* n. 5, *supra*.

[15] *See* n. 6, *supra*.

[16] *See* n. 7, *supra*.

[17] *See* n. 8, *supra*.

[18] In the alternative to Plaintiff's sex discrimination claim at Count 1, based on the facts Plaintiff provides in paragraphs 1-3, 4-20, 21-23 and 24-25, Plaintiff alleges that Defendant has retaliated against him for his previous complaints to his supervisor of favoritism in separating Plaintiff and Ms. Protzman and previous complaints of sex discrimination. (Docket No. 17 ¶¶ 26-28).

* * * * *

> 9. The system of keeping Plaintiff separated from Ms. Protzman worked tolerably well, in particular, because Plaintiff's lunch time was at noon, and Ms. Protzman's was at 11:30 a.m. However, in approximately February of 2007, Defendant unilaterally and arbitrarily decided to change Plaintiff's lunch hour to 11:30 a.m., the same as Ms. Protzman's.

* * * * *

> 22. Plaintiff has been discriminated against on the basis of perceived handicap, in violation of the Americans with Disabilities Act. In particular, this is based upon Defendant requiring him to take his long walks at the same time as Ms. Protzman and refusing to change his lunch hour to the time it had previously been.

* * * * *

> 30. Plaintiff Dennis A. Robuck has been discriminated against on the basis of his previous complaints of discrimination on the basis of a perceived handicap, in violation of the Americans with Disabilities Act.

*Id*. ¶¶ 1, 9, 22, 30. Defendant argues that such assertions are vague and conclusory, and do not demonstrate any plausible claim for relief. (Docket No. 20 at 5). Defendant also argues that Plaintiff does not allege that his termination was due to his perceived handicap. *Id*. at 6.

Pursuant to the ADA, an employer is only liable if it fails to provide "reasonable accommodations to the *known* physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A) (emphasis added). Thus, the ADA imposes on an employee the "initial duty to inform the employer of a disability." *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 803 (7th Cir. 2005)(citing *Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 572 (7th Cir. 2001)). In the instant case, Plaintiff claims to have hypertension which requires him to take long walks on a regular basis. (Docket No. 17 ¶ 1). In addition, Plaintiff alleges that Defendant has discriminated against him as a result of his previous complaints of discrimination

based on this disability. *Id.* ¶ 30. Plaintiff, however, provides no indication that he ever mentioned his disability or any alleged concerns about discrimination due to his disability during his discussion with his supervisor, Mr. Bogler, or anyone else. (Docket No. 17). Therefore, Plaintiff did not explicitly or implicitly plead that his alleged disability was the reason for the unfairness of which he complains. *Barber,* 68 F.3d at 702. Accordingly, such complaint does not constitute "protected activity" to constitute a *prima facie* case of retaliation. *Id.* at 701-02.

In addition, nowhere in Plaintiff's Amended Complaint does Plaintiff provide sufficient facts that create a causal connection between his asserted handicap and his termination from employment. (Docket No. 17). That Defendant required Plaintiff to take his walks at the same time as Ms. Protzman and refused to change his lunch hour to the time it had previously been is not a violation of the ADA. *See Stouch*, 354 Fed.Appx. at 667. In order to state a valid claim under the ADA, Plaintiff must allege that Defendant discriminated against him because of his disability and he must provide enough facts to raise his claim beyond the speculative level as described in *Twombly* and *Iqbal*. *Turner,* 2009 WL 1858253, at *2. Plaintiff provides nothing more than a legal conclusion that Defendant violated the ADA by terminating his employment following "complaints of discrimination on the basis of a perceived handicap." (Docket No. 17 ¶ 30). As such, Plaintiff has failed to plead sufficient facts that, accepted as true, state a claim for retaliation under the ADA. *Iqbal*, 129 S.Ct. at 1951. Nor has Plaintiff provided sufficient factual content that allows the Court to draw the reasonable inference that Defendant is liable for the misconduct alleged. *See Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). Accordingly, the Court dismisses Plaintiff's claim of retaliation under the ADA at Count V of the Amended Complaint.

### C. Futility of a Second Amended Complaint

Defendant moved to dismiss Counts IV and V of Plaintiff's initial Complaint on June 6, 2010, on the basis that Plaintiff set forth mere legal conclusions at these Counts. (Docket No. 6). Plaintiff responded by requesting Leave to File an Amended Complaint. (Docket No. 10). With leave, Plaintiff filed an Amended Complaint on July 28, 2010. (Docket No. 17). Yet, the Amended Complaint failed to cure the defective pleadings in Counts IV and V. *Id.* ¶¶ 26-30. The Court notes that on or about January 22, 2008, Plaintiff filed a charge with the EEOC and on May 1, 2008, Plaintiff received a form "Dismissal and Notice of Rights." (Docket No. 17 ¶¶ 17, 18). Therefore, this case has been in the litigation process for nearly three years. Accordingly, Plaintiff and his counsel have had ample time and the necessary means to secure and plead sufficient facts to support his claims. Given the state of the pleadings and the record before this Court, it is clear that any further amendment to Plaintiff's claims against Defendant would be futile. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). Thus, Plaintiff's retaliation claims against Defendant under Title VII and the ADA are dismissed, with prejudice.

### VI. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Counts IV and V of Plaintiff's Amended Complaint (Docket No. [19]) is GRANTED. Therefore, Counts IV and V of Plaintiff's Amended Complaint are dismissed, with prejudice. An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: November 3, 2010.
cc/ecf: All counsel of record.